## WILLIAM ROYCE agt. ARNOLD BROWN.

When title is set up in a Justice's Court by the answer, the cause is taken from his jurisdiction *before* a reply is put in. But that does not supersede the necessity of a reply, when the new suit is instituted in the Supreme Court for the same cause of action. The cause is to be treated with respect to the pleadings subsequent to the answer, like any other cause originally commenced in the Supreme Court. Section 144 of the code applies to such a suit, and, consequently, every material allegation of new matter in the answer, not specifically controverted by the reply, as prescribed in section 131, must, for the purpose of the action, be taken as true.

*It seems,* that the summons or complaint, or both, in such a suit, should allude to the suit before the justice by some appropriate averment.

In this case, (which was argued as an issue of law,) the sufficiency of the answer under the code, was examined; and it was stated by the court, that if the answer was to be tested by any rule of pleading, that had existed for the thousand years preceding the 12th of April, 1848, it could not be upheld for a moment—it was argumentative, contradictory, absurd, double, inconsistent, uncertain, incongruous and, in many particulars, wholly unintelligible—and, upon applying the rules prescribed by the code to it, it was *held* not to be drawn in conformity to such rules; that, although the Plaintiff might, under § 137, have procured some of the irrelevant and redundant matter to have been stricken out, yet, that would have left the remainder, without determining its legal sufficiency as an answer. Judgment was given for the Plaintiff for the reason that the answer was not drawn in conformity to the code, §§ 128, 129, with leave to Defendant to substitute a new one on payment of $22 costs.

*Washington Circuit and Special Term, Dec. Term,* 1848. *Before* WIL-LARD, *Justice.*—This cause was placed upon the jury calendar for this circuit, and after the jury was empannelled, it was objected that no issue of fact had been taken in the cause, inasmuch as the Plaintiff had not put in a reply to the Defendant's answer. It was answered, on the part of the Plaintiff, that the action was originally brought before a justice, for trespass on land, and the Defendant, on joining issue before the justice, interposed in his answer, matter showing that title to real

estate would come in question, according to § 48 of the code, and took the requisite steps provided in the code to oust the justice of jurisdiction. That this cause was immediately after brought in this court for the same cause of action, according to § 53, and the answer of the Defendant in this court is the same as that put in before the justice. The Plaintiff's counsel insists that the cause is to be tried in this court on the same pleadings that were used before the justice; and, as no reply was interposed there, none can be used in this court.

WILLARD, Justice.—From the nature of the case, when title is set up in a justice's court, the cause is taken from his jurisdiction *before* a reply is put in. But this does not supersede the necessity of a reply, when the new suit is instituted in this court. The cause is to be treated, with respect to the pleadings subsequent to the answer, like any other cause originally commenced here. Section 144, therefore, applies to it; and consequently, every material allegation of new matter in the answer, not specifically controverted by the reply, as prescribed in section 131, must, for the purpose of the action, be taken as true.

Strictly speaking, the summons or complaint, and perhaps both, should in this case have made allusion to the suit before the justice, by some appropriate averment. It does not appear, from the record, that there has been a suit before a justice, or that this is for the same cause of action. But, as the counsel concede that it is the same, it will be treated as if the fact were properly affirmed in the pleadings.

Upon this statement, I was of opinion that an issue of law only was raised between the parties, according to § 204—there being the allegation of facts in a pleading by the Defendant, the truth of which was not controverted by the Plaintiff. The jury, therefore, were discharged, and the counsel permitted to argue it as an issue of law.

The complaint sets forth that the Defendant, on the 26th May, 1848, and on divers other days and times since that day, wrongfully and without leave, entered upon the land in the possession of the Plaintiff, with his horses and wagons, and trod down, cut up and destroyed the grass, herbage, potatoes and corn then growing, and *also* for wrongfully breaking, carrying away and destroying the gates, bars and fences, potatoes, corn and wood of the Plaintiff within the time aforesaid; and *also* for injury to the Plaintiff's clothing, injuring, dirtying and destroying the same on the person of the Plaintiff, all which happened at Granville, in the county of Washington, to the Plaintiff's damage of fifty dollars.

The complaint, it will be seen, has three distinct charges, or counts, according to the former language of the courts, the last of which is not

alluded to in the answer, and has not been noticed on the argument. I shall presume therefore that it has been abandoned.

The answer in the first place denies all the acts complained of except, in passing from the main road leading to Hartford by the house owned by Jonathan Brown and occupied by the Plaintiff, to the house occupied by the Defendant—alleges that it is a path or road used for many years as a road—that Defendant did travel over it as a road, as he lawfully might do—that if he took down any bars or gates, or did any other acts or things alleged against him, it was because the same then and there obstructed his passage and were wrongfully put and placed there by the Plaintiff and were necessary to be removed in order to enable the Defendant to pass through and go over the same—that the said road was and is a public highway by use under the statute, or if not *a public highway, was a private way;* and that the Defendant had a right of way across said land, he and others before him having used the said road or passage as and for a road for upwards of thirty years, for themselves, teams, horses and cattle, &c.—that Defendant and those before him has had the peaceable use of the road for upwards of thirty years, and that, too, by the consent and license of Jonathan Brown, the owner of said land—that Arnold Brown purchased his farm of Jonathan Brown, and the road was then used as a road, and Jonathan Brown, when Defendant built his house, agreed with the Defendant in consideration that Defendant would build said house at the place where he did, that he, Defendant, might forever have a right to use said road, and he admits he has so used it as a road.

Denies entering on Plaintiff's premises except in passing over said road, and if he ever turned aside or out of said road, it was because the same was unlawfully obstructed at the particular place, by the Plaintiff or others, so that he could not pass along, and therefore he turned aside to avoid the obstructions, and he removed the obstructions, as he lawfully might, in order to pass. Denies that he ever left the gates or bars down wrongfully as alleged—that if he ever did so it was because the Plaintiff by his acts, or the acts of others, had so chained them or fastened them up or fixed the same, or because he found the same open— that if any potatoes or corn or other crops were injured, it was because Plaintiff had wrongfully or knowingly put the same in the road where the Defendant had a right to travel—and Defendant denies all the acts and damage alleged except passing over the road in question, and denies that any damages were sustained by means thereof, as alleged in the complaint. Defendant claims the said road over which he passed as a public road, or at least a private way, and that Defendant has a

right of way or easement in and over the same by prescription, by agreement and by use of himself and others for over twenty years from necessity—that the Plaintiff is the mere tenant of said premises—that there has been a former recovery as to all trespasses prior to that alleged in the complaint in a suit before a justice between the said parties—denies damage by cattle—says Defendant had a right of way over said road— that when Plaintiff took possession of the said land he did so with full knowledge of Defendant's right of way—that if Defendant ever entered on Plaintiff's lands other than passing on the highway, which however he denies doing, it was upon lawful business and with the express or implied license of the Plaintiff.

The answer is verified by the Defendant's attorney, to the effect that he believes it to be true.

If this answer is to be tested by any rule of pleading that has existed for the thousand years preceding the 12th April, 1848, it cannot be upheld for a moment. It is argumentative, contradictory, absurd, double, inconsistent, uncertain, incongruous and, in many particulars, wholly unintelligible. But it is said, that by the 118th section of the code, all the forms of pleading heretofore existing are abolished; and hereafter, the forms of pleading in civil actions, and the rules by which the sufficiency of the pleading is to be determined, shall be those which are prescribed by the Code of Procedure. We must, therefore, not look to those rules which have sprung from past experience and the wisdom of ages, to determine the character of this answer, but to the rules prescribed by the code itself. These rules are comprised in a few brief sections. Thus § 128 describes what the answer of the Defendant shall contain.

It shall contain—1st. In respect to each allegation of the complaint, controverted by the Defendant, a specific denial thereof, or of any knowledge thereof sufficient to form a belief.

2d. A statement of any new matter constituting a defence in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. (§ 129.) The Defendant may set forth in his answer as many grounds of defence as he shall have. They shall be separately stated, and may refer to the cause of action, which they are intended to answer, in any manner by which they may be intelligibly distinguished.

This answer violates all these rules. It contains no specific denial of the respective allegations of the complaint controverted by the Defendant. It does not set forth in ordinary and concise language, without repetition and in such manner as to enable a person of common understanding to know what is intended—a statement of the new matter con-

stituting a defence—and it does not separate, but blends together the numerous grounds of defence on which it relies.

It remains to inquire by what means the Plaintiff is to avail himself of these imperfections in the answer. He cannot demur to it, since that is only allowed to a Defendant, (§ 121,) and is to be used by him only in the six cases mentioned in the 122d section. He cannot except to it for insufficiency or impertinence. The doctrine of exceptions belonged to the practice of the Court of Chancery, and has been swept away. He probably might, under the 137th section, have procured some of the irrelevant and redundant matter to be stricken out, but that would have left the remainder, without determining its legal sufficiency as an answer. The only remedy, it seems to me, is under the title 8, ch. 2, which treats on allegation of facts in a pleading, the truth of which is not controverted by the adverse party, as raising an issue of law to be tried by the court (§ 204.) The trial of this issue is a judicial examination of it; and necessarily involves an inquiry whether the pleading is drawn in conformity to the rules prescribed in the code, and if so, whether the facts set up, and which, for the purpose of the trial, are admitted, afford a bar to the action. 1st. The trial of an issue of law in this sense, presents the same questions which would arise, before the code, on a general demurrer to the pleading, or on the equity side, upon bill and answer. Under every system of legal procedure, each party has a right to hold his adversary to a substantial compliance, in the statements of his cause of action or defence, with the rules and principles prescribed for that purpose. The object of these rules is to separate the disputed from the undisputed facts, and to arrive at the truth and justice of the case with the least expense and delay. If the parties are to be at liberty to depart from these rules at their pleasure, the whole system is a mockery.

From what has been said, it is obvious that this answer does not conform to the rules prescribed by the code for an answer, and is for that reason bad.

2d. Many of the facts set up, if properly alleged, would doubtless form a defence to the action. The Defendant must state his defences, if he has more than one, separately. He should confess the trespass which he means to justify or avoid, or he should deny it altogether. The general issue and a justification, as those defences were understood under the former system, cannot be united in an answer. Both cannot be true at the same time.

If we may look beyond the letter of the act to ascertain the *mind and intent* of the lawgiver, it is presumed that the notes of the commissioners

of pleading and practice afford the most unexceptionable source of information on that subject. In their note to title 6, ch. 1, those learned gentlemen, after a cursory survey of the former mode of pleading—after stating that those pleadings, from their generality, conveyed no information as to the question to be tried, and were, in many cases, false—they proposed, in place of the former system, the one adopted in the code—a system which they say appears to them natural and simple, easily understood, and capable of effecting every good object which any system can effect, "we propose," say they, "that the Plaintiff shall state his case according to the facts, and ask for such relief as he supposes himself entitled to," that the Defendant shall, by his answer, point out his defence distinctly. This form of allegation and counter allegation will make the parties disclose the cause of action and defence so that they may each come to the trial prepared with the necessary proofs. If the Defendant, in his answer, allege a matter not referred to in the complaint, but which he insists constitutes a defence, the Plaintiff may reply to the new matter. But there the pleadings close." They express the opinion that there will scarcely ever happen a case where it would be of any use to go further, were the parties at liberty to do so. By the time the reply is made, the facts will have been so developed, as to leave no doubt of the precise point in dispute." We must presume the legislature believed this to be true, and that they were fully persuaded that the only obstacles to an entire freedom from legal controversies, were the pleadings and practice of the courts—that if those encumbrances could be removed, each party would state nothing but the truth in his pleading, and that each contested suit would be at once narrowed down to the only real issue which ought to be raised between the parties, if it was not settled the moment the Defendant's answer was announced.

Such being the object of the legislature, and such the policy attempted to be effected by the code, it is the duty of the courts to require the parties in their pleadings, to conform not only to the letter, but the spirit of the act. These considerations afford an additional reason for holding the answer in this case bad, as being in conflict with the code, and as affording no point on which the Plaintiff could take issue without forming a reply of vexatious prolixity. This will readily be seen by bringing it to the test. Suppose the Plaintiff should reply that the place when, &c., was not a public way by statute, and rest there ; the other matters not answered being admitted, the Defendant would say, that it was a public way by prescription. Suppose this also was denied, the Defendant would then claim it as a private way, first, by purchase, second, by license, and

third by prescription—and in this manner the Plaintiff could not safely go to trial, supposing the merits are with him, without tendering an issue on all the defences which are set up; whether those defences are compatible with each other or not. It is obvious, that in that way the issues would become numerous beyond precedent and complicated in the extreme. I am persuaded no such result was anticipated by the legislature; and it is clear that the commissioners never contemplated that their new and favorite forms of pleading could be thus easily perverted.

The 130th section allows the court in a case like the present, when giving judgment for the Plaintiff for the insufficiency of the answer, to permit the defendant to withdraw or amend the answer upon such terms as shall be just.

I shall, therefore, on this occasion give judgment for the Plaintiff, for the reason that the answer is not drawn in conformity to the code, (§§ 128 and 129,) with leave, nevertheless, for the Defendant to withdraw the same and substitute a new answer within twenty days after service of a copy of this rule, on the payment of twenty-two dollars costs. (§ 262, sub. 1 and 3.) That sum is the statute costs in a case like this.